### [No. 1509.]

### THE WESTERN NATIONAL BANK OF PUEBLO v. RIZER, ADMINISTRATOR.

1. ESTATES OF DECEDENTS—WIDOW'S AWARD.

Under sections 1049 and 1050, General Statutes, providing for the setting aside of certain specified articles of personal property from the estate of a deceased husband for the benefit of the widow, and in case the inventory of personal property does not include the articles specified, or any of them, then that the widow may elect to take the value of such articles as are not found either in other property or cash, where the inventory showed that the estate only owned one-half interest in such of the specified articles as were found, the widow upon her election was entitled to the value of the entire list of articles, as fixed by the appraisers, in cash.

2. SAME—EVIDENCE—ADMISSIONS.

A statement in a creditor's exceptions to an administrator's report that it appeared from the record that the widow had elected to take cash in lieu of property, was a conclusive admission that she made her election, and so entitled herself to the money.

*Appeal from the District Court of Pueblo County.*

Mr. WM. B. VATES, for appellant.

Mr. J. E. RIZER, *pro se*, and Mr. H. P. VORIES, for appellee.

THOMSON, P. J.

On January 24, 1889, there was filed in the county court

of Pueblo county an inventory of the real and personal estate of D. N. Jones, deceased. Afterwards, on January 28, 1889, there was filed in the same court a bill of appraisement of the goods, chattels and personal estate of the deceased. The warrant of appraisement contained, among other things, a printed blank form to be used by the appraisers in making and certifying an estimate of the value of the several items of property allowed by law to the widow, together with a printed list of such items, and instructions to the appraisers to make the estimate, no matter whether the articles named in the list could be found in the property belonging to the estate or not. The estimate was made and returned with the appraisement. The value of the articles was fixed at $1,835. On October 16, 1895, J. E. Rizer, administrator of the estate, *de bonis non*, filed his report, showing total receipts, total expenses, and balance on hand, stating that the only claim against the estate which was unpaid was one of $8,000 in favor of the Western National Bank of Pueblo; also stating that on the 1st day of February, 1889, the sum of $1,835 was allowed to the widow, and that the allowance had not been paid, and asking an order from the county court authorizing him to pay the amount over to her, and to pay the balance in his hands upon the claim of the bank. On November 7, 1895, the bank filed its exceptions to the report, among which was an exception to the request for an order authorizing the payment of the widow's allowance, on the ground that it appeared from the records of the estate that certain articles of property had been set apart to her as her allowance, and that she had elected to take cash in lieu thereof, but that she had never accounted to the estate for the property. On the 17th day of March, 1896, a hearing of the exceptions was had, at which, upon the evidence adduced, an order was made disposing of all of the exceptions. The exception which related to the widow's allowance was overruled, and the sum of $1,835 was adjudged to her, to be paid out of the estate, in accordance with the recommendation of the report. Afterwards, on April 11,

1896, the administrator filed his further report, showing some additional moneys which had come into his hands, and some additional expenses of administration, and also showing payment to the widow of her allowance in accordance with the former order of the court.   On April 20, 1896, the bank excepted to this report, raising the same objection in respect to the widow's allowance which was embraced in the exceptions first filed, and which had been passed upon by the court.   Thereupon the administrator moved the court to strike the new exceptions from the files, for the reason that the question which they sought to raise  had been finally determined by the court in its former order.   The motion was sustained, and the former order reaffirmed.   The bank appealed from the judgment to the district court.   In that court the orders and rulings of the county court were upheld, and judgment rendered accordingly.   Thereupon the bank made its appeal to this court.

A resident widow is allowed to have and retain, as her sole and separate property, certain enumerated articles, to be set apart to her by the administrator out of the estate, provided, that in case the intestate shall not leave any or all the articles specified, she shall be entitled to other property, or the value of the articles in money, and it is made the duty of the administrator, or court of probate, to allow the value of the articles specified, in money, or other personal property, at her election.   Gen. Stats. secs. 1049, 1050.   It is the duty of the administrator, when letters of administration are granted, to make and return to the county judge, a full and perfect inventory of all such real and personal property, pertaining to the estate of the intestate, as shall come to his hands, possession or knowledge.   Upon the granting of the letters, a warrant issues out of the court authorizing the appraisement of the personal estate of the deceased, known to the appraisers, or shown to them by the administrator, and it is their duty not only to appraise the property found, but to make and certify to the county court an estimate of the value of each of the several items allowed by

law to the widow. Gen. Stats. secs. 3557, 3558; Session Laws, 1885, p. 397.

The list of articles to be set apart to the widow is the same in all cases, but the estate may not contain them, or it may contain only a portion of them, and, of course, in such case they cannot be delivered to her. Counsel for the bank assumes that the items of property designated by the law, were in fact set apart to her, and received and retained by her, and, reasoning from that assumption, he concludes that she was not entitled to their value in money. Certainly, she had no right to keep the property and be paid its value too. She was entitled to one or the other, but not both. But the assumption is without foundation. The only evidence in connection with that property by which counsel's theory could possibly have been suggested, consisted in the certificate of the appraisers to the values which they had affixed to the several articles. But the action of the appraisers in estimating those values and certifying to them, was not a setting apart of the property. The appraisers had no authority to set it apart, and it does not appear from the evidence that it ever was set apart. But to find that there was no setting apart of the property, it is not necessary to rely merely on the want of proof. There was evidence from which the conclusion is unavoidable that, as a matter of fact, the property was not set apart to, or received by, the widow, and with which any other conclusion would be inconsistent. The inventory filed by the administrator, and which presumptively contained a complete list of all the property left by the intestate, did not show, as belonging to the estate, a single one of the articles to which the law would entitle the widow. A very few of the items in the statutory list may be found named in the inventory, or, rather, articles are named in the inventory, which might possibly answer the description of a very few of those enumerated by the statute, but the inventory also shows that the estate was interested in those articles only to the extent of an undivided one half. They could not be set apart to her, without giv-

ing property to her which did not belong to the estate. She was entitled to her allowance only out of the assets of the estate, and, hence, property in which others were owners could not be lawfully turned over to her. But by far the greater number of the items named by the statute were not represented in the assets at all. It is entirely clear to us that she never received any of the specific property which by law might be set apart to her.

There being no property answering to the statutory specifications which might be turned over to her, she was entitled to an equal value in money, or other personal property, at her election. She must elect, but upon her election to take either the property or the money, it became the duty of the administrator, or of the court, to allow it to her. The duty was not discretionary; it was mandatory. In the exceptions of the bank to the first report, it was stated that it appeared from the records of the estate that the widow had elected to take cash in lieu of the property. Those records are not before us but the statement is a solemn admission by the bank that she made her election, and so entitled herself to the money, and the admission is conclusive upon it and upon us.

The existence of every condition upon which the widow's right to an allowance in money depended, appears sufficiently from this record, and both courts were manifestly right in awarding it to her.

The judgment of the district court will be affirmed.

*Affirmed.*